

DA 12-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 40

CITY OF BOZEMAN,

Plaintiff and Appellee,

v.

DAVID SKY CANTU,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 12-1B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wade Zolynski, Chief Appellate Defender; Nicholas Domitrovich,
Assistant Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

Susan Wordal, Bozeman City Attorney, Bozeman, Montana

Submitted on Briefs: January 23, 2013

Decided: February 19, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 David Sky Cantu was convicted of two misdemeanor sexual assaults, in violation of § 45-5-502, MCA, following pleas of guilty to both offenses in Bozeman Municipal Court. The Municipal Court deferred imposition of sentence for a period of two years on each charge, with the terms to run consecutively. Over Cantu's objection, the Municipal Court imposed a condition of probation that required Cantu to obtain a psychosexual evaluation and to follow through with "a minimum of 6 months of therapy unless sooner released by the counselor/therapist." Cantu appealed to the Eighteenth Judicial District Court, Gallatin County, challenging the Municipal Court's imposition of this condition, as well as a second condition not at issue in this appeal.[1] The District Court upheld the requirement that Cantu undergo a psychosexual evaluation and receive counseling. Cantu now appeals to this Court. We affirm.

¶2 Cantu raises the following issues on appeal:

¶3 1. Whether the Municipal Court exceeded its statutory authority by requiring Cantu to obtain a psychosexual evaluation as a condition of probation following his conviction for two misdemeanor sexual assaults.

¶4 2. Whether the Municipal Court imposed an unreasonable condition of probation by requiring Cantu to obtain a psychosexual evaluation following his conviction for two misdemeanor sexual assaults.

---

[1] The Municipal Court also imposed a probation condition that required Cantu to disclose all of his Internet passwords. The District Court determined that this condition was overly broad, unduly punitive, and exceedingly tenuous, and the District Court thus reversed this portion of the Municipal Court's sentence. The State has not appealed that ruling; accordingly, review of this condition is not before this Court.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶5 On September 7, 2011, Cantu was riding his longboard outside the Gallatin Valley Mall while he waited for his bus to arrive. He saw a "pretty lady" and decided to ride past her and grab her buttocks. The following day, Cantu was riding his bicycle in downtown Bozeman when he saw another woman and decided to ride past her and grab her breast. As a result of these incidents, Cantu was charged in the Municipal Court with two counts of misdemeanor sexual assault, in violation of § 45-5-502, MCA (2009). Cantu pleaded guilty to both charges.[2] The Municipal Court set sentencing for December 8, 2011.

¶6 At the sentencing hearing, the Municipal Court heard testimony from one of the victims, as well as Cantu's mother and step-grandfather. Cantu's mother explained that Cantu had a very difficult past year due to the breakup of his mother and stepfather. Moreover, in February 2011, when Cantu was 17 years old, his mother had him admitted to Shodair Children's Hospital for treatment of "stress." Cantu spent two weeks at the hospital.

¶7 The prosecutor asked that a condition be imposed on Cantu's sentence requiring him to obtain a psychosexual evaluation. The prosecutor explained that Cantu might benefit from specialized treatment given the sexual nature of the offenses, the fact that Cantu had committed two such offenses in quick succession, his age, and the fact that

---

[2] At the time of the second offense, Cantu was carrying a bag which contained a small amount of marijuana. He was charged with one count of misdemeanor criminal possession of dangerous drugs, in violation of § 45-9-102, MCA, and pleaded guilty to this charge as well. His conviction and sentence on the drug offense are not at issue in this appeal.

Cantu apparently was having difficulty dealing with stressors in his life. The prosecutor noted that Cantu's recent admission to Shodair indicated that he was suffering from mental health issues. Neither the prosecutor nor the Municipal Court, however, had received any information regarding the results of Cantu's evaluation, diagnosis, or treatment plan. The prosecutor asked that Cantu first be assessed by a professional who could determine what type of therapy, if any, was needed. Cantu objected to any condition that he obtain a psychosexual evaluation.

¶8 As a result of the testimony and argument presented at the sentencing hearing, the Municipal Court imposed a deferred sentence of two years on each sexual assault offense, to run consecutively. The Municipal Court also committed Cantu to jail for ten days on each offense, to run concurrently, in order "to emphasize to you the gravity of the situation, and the pain that you have caused [the victims]." Finally, the Municipal Court imposed a number of probation conditions, including the following:

8) The defendant shall obtain:
   a. A chemical dependency evaluation (concurrent with required evaluation from ADSGC for PODD conviction)
   b. A psycho-sexual evaluation and a minimum of 6 months of therapy unless sooner released by the counselor/therapist
   at the defendant's own expense and shall follow all recommendations, if requested by the supervising officer.

9) The defendant shall execute a waiver for his counselor/therapist to allow the counselor/therapist to communicate to the Court and/or Defendant's Probation Officer with regard to his attendance and compliance with all required therapy.

10) The defendant shall participate in any other counseling or treatment deemed appropriate by the supervising officer.

4

¶9    Cantu appealed his sexual assault sentences to the District Court.  As noted, the District Court affirmed the Municipal Court's imposition of Condition 8b.  Cantu appeals that decision.

## STANDARDS OF REVIEW

¶10    On Cantu's appeal from the Municipal Court, the District Court functioned as an intermediate appellate court.  *See* §§ 3-5-303 and 3-6-110, MCA.  On Cantu's appeal to this Court, we review the case as if the appeal originally had been filed in this Court. *State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646 (citing *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643).   We examine the record independently of the district court's decision, applying the appropriate standard of review. *Ellison*, ¶ 8.

¶11    The challenge in the present case is to a criminal sentence.  With two narrow exceptions, our review of criminal sentences is for legality only.  *State v. Hafner*, 2010 MT 233, ¶ 13, 358 Mont. 137, 243 P.3d 435; *State v. Lewis*, 2012 MT 157, ¶ 13, 365 Mont. 431, 282 P.3d 679.  Under the first exception, if a defendant is sentenced to serve less than one year of actual incarceration, we review the sentence both for legality and for abuse of discretion.  *Hafner*, ¶ 13; *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017.  Under the second exception, if a defendant challenges a sentencing condition, we first review the condition's legality, and then review for an abuse of discretion the condition's reasonableness under the particular facts of the case.  *Hafner*, ¶ 13; *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164.  Because Cantu challenges a condition on his deferred sentence, the second exception applies here.

## DISCUSSION

¶12    *Issue 1.   Whether the Municipal Court exceeded its statutory authority by requiring Cantu to obtain a psychosexual evaluation as a condition of probation following his conviction for two misdemeanor sexual assaults.*

¶13    Upon a defendant's conviction of one or more felony offenses, the district court is required to direct the probation and parole officer to make a presentence investigation report, which the court is then required to consider prior to sentencing, unless the court makes a finding that the report is unnecessary.  Section 46-18-111(1)(a), (2) MCA.  In the event the defendant was convicted of certain offenses listed in subsection (1)(b) of the statute, the presentence investigation "must include a psychosexual evaluation of the defendant and a recommendation as to treatment of the defendant in the least restrictive environment . . . ."   Section 46-18-111(1)(b), MCA.   Finally, if the defendant was convicted of a misdemeanor, the statute provides that the district court may order a presentence investigation "only if the defendant was convicted of a misdemeanor that the state originally charged as a sexual or violent offense as defined in 46-23-502."  Section 46-18-111(2), MCA.

¶14    Cantu contends that the psychosexual evaluation required by § 46-18-111(1)(b), MCA, is a legislative creation intended to assist the court in sentencing felony offenders or, in the case of misdemeanors, only those misdemeanor offenders who were charged with a sexual or violent offense as defined in § 46-23-502, MCA.  Cantu argues that because his offenses do not fall into either category, the Municipal Court lacked statutory authority to order a psychosexual evaluation.   The State, on the other hand, cites

6

§§ 46-18-201(4) and -202(1), MCA, as authority for the Municipal Court to order a psychosexual evaluation. We agree with the State.

¶15 When deferring imposition of sentence, the sentencing judge may impose upon the offender "any reasonable restrictions or conditions" during the period of the deferred imposition of sentence. Section 46-18-201(4), MCA. These include the restrictions and conditions specifically enumerated in §§ 46-18-201(4) and -202(1), MCA, plus "any other reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(p), MCA; *accord* § 46-18-202(1)(g), MCA ("any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society").[3]

¶16 Cantu misinterprets § 46-18-111(1)(b), MCA—which is a statutory directive that a psychosexual evaluation must be prepared in conjunction with a presentence investigation in certain cases—as a *limitation* on the sentencing court's authority to impose restrictions and conditions designed to maximize the prospects of rehabilitation and the protection of the victim and society. A similar argument was made and rejected by this Court in *State v. Leyva*, 2012 MT 124, ¶ 19, 365 Mont. 204, 280 P.3d 252 ("Leyva misinterprets a statutory directive for a particular condition as a proscription against the court's discretionary authority to impose such a condition."). Section

---

[3] At the time Cantu committed the instant offenses, § 46-18-201(4)(p), MCA (2011), was codified at § 46-18-201(4)(o), MCA (2009), and § 46-18-202(1)(g), MCA (2011), was codified at § 46-18-202(1)(f), MCA (2009). The 2011 Montana Legislature inserted new subsections into both statutes, but no substantive changes were made to subsections -201(4)(o) and -202(1)(f). Accordingly, for ease of reference, we will refer to the current designations of these subsections, i.e., §§ 46-18-201(4)(p) and -202(1)(g), MCA.

46-18-111(1)(b), MCA, requires that a psychosexual evaluation be ordered when the defendant is convicted of an enumerated felony offense, but it does not prevent a court from ordering the evaluation for offenses other than those that are specifically enumerated.

¶17 Nevertheless, Cantu points out that, with respect to *misdemeanors*, "[t]he district court may order a presentence investigation . . . *only* if the defendant was convicted of a misdemeanor that the state originally charged as a sexual or violent offense as defined in 46-23-502." Section 46-18-111(2), MCA (emphasis added). Cantu notes that his offenses were neither sexual nor violent as defined under § 46-23-502, MCA. We are not persuaded, however, that the limitation in § 46-18-111(2), MCA, on a district court's authority to order "a presentence investigation" in misdemeanor cases is also a limitation on the district court's authority to order "a psychosexual evaluation" in misdemeanor cases. *See* § 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted."). On this point, we agree with the State's argument that § 46-18-111(2), MCA, does not categorically prohibit a court, in imposing sentence on a defendant convicted of a misdemeanor, from ordering a psychosexual evaluation as a condition of a deferred sentence in order to determine what type and how much treatment is necessary for his rehabilitation. *Cf. Leyva*, ¶ 19 ("That the Legislature has mandated certain conditions of probation for persons convicted of prescribed sex offenses does not limit the otherwise broad discretion of a sentencing court under §§ 46-18-201 and -202, MCA.").

¶18 It is well established that a court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. *State v. Guill*, 2011 MT 32, ¶ 58, 359 Mont. 225, 248 P.3d 826. "A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes." *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242. Here, §§ 46-18-201(4) and -202(1), MCA, authorize the sentencing judge to impose reasonable restrictions or conditions. We conclude that, pursuant to this authority, the court may order a psychosexual evaluation of the defendant when necessary to obtain the objectives of rehabilitation or the protection of the victim or society. Sections 46-18-201(4)(p), -202(1)(g), MCA. The only question remaining is whether the restriction is reasonable on the particular facts of this case.

¶19 ***Issue 2. Whether the Municipal Court imposed an unreasonable condition of probation by requiring Cantu to obtain a psychosexual evaluation following his conviction for two misdemeanor sexual assaults.***

¶20 District courts are afforded broad discretion in fashioning a criminal sentence. *Herd*, ¶ 18. That discretion, however, is not without limitation. *State v. Zimmerman*, 2010 MT 44, ¶ 17, 355 Mont. 286, 228 P.3d 1109. A sentencing condition must be reasonably related to the objectives of rehabilitation or the protection of the victim or society. Sections 46-18-201(4)(p), -202(1)(g), MCA. A condition meets this standard so long as it has a nexus either to the offense for which the offender is being sentenced or to the offender himself. *Ashby*, ¶ 15. Offender-related conditions are appropriate where "the history or pattern of conduct to be restricted is recent, and significant or chronic."

9

*Ashby*, ¶ 15.   A passing, isolated, or stale instance of behavior or conduct will be insufficient to support a restrictive probation condition imposed in the name of offender rehabilitation.  *Ashby*, ¶ 15.  We will reverse the imposition of a sentencing condition that is "overly broad" or "unduly punitive," or where the required nexus is "absent or exceedingly tenuous." *Zimmerman*, ¶ 17; *see also Herd*, ¶ 25; *State v. Muhammad*, 2002 MT 47, ¶ 28, 309 Mont. 1, 43 P.3d 318.

¶21    Here, given the significant discretion in sentencing granted by §§ 46-18-201(4) and -202(1), MCA, we cannot conclude that the Municipal Court abused its discretion in requiring Cantu to obtain a psychosexual evaluation.   The offenses for which the Municipal Court was fashioning a sentence were sexual assaults.   There was evidence supporting the Municipal Court's concerns regarding Cantu's mental health and emotional stability.   The Municipal Court was required under the sentencing statutes to fashion a sentence that would address Cantu's need for counseling and rehabilitation, while additionally protecting the victim and the community by ensuring that Cantu received help and did not reoffend.   A psychosexual assessment or evaluation was a reasonable first step in developing a counseling or treatment plan that addressed rehabilitation.   The condition requiring Cantu to obtain a psychosexual evaluation was both reasonable and related to the offender and the offense.   The Municipal Court did not abuse its discretion by requiring Cantu to obtain the psychosexual evaluation.

¶22    Cantu asserts that he will face "potential unintended consequences," such as a requirement that he register as sexual offender or the prospect that he may be branded with a tier-level designation (*see* § 46-23-509, MCA).   Cantu misunderstands the nature

of the evaluation. The Municipal Court simply ordered that Cantu be evaluated by a professional with the education and experience necessary to determine whether sexual offender treatment, or some other type of mental health treatment, would best serve Cantu's rehabilitation and reduce the potential of reoffending in the future. A sentencing court may not attach a sexual offender tier-level designation or registration requirement to a conviction absent statutory authority. *State v. Holt*, 2011 MT 42, ¶¶ 20-21, 359 Mont. 308, 249 P.3d 470; *In re T.M.L.*, 2012 MT 9, ¶¶ 18-19, 363 Mont. 304, 268 P.3d 1255. A requirement to register as a sexual offender and receive an offender-level designation may be imposed only on persons convicted of particular sexual offenses, as defined in § 46-23-502(9), MCA. *Holt*, ¶¶ 20-21; *T.M.L.*, ¶¶ 18-19. Registration is also allowed for an offense that is not included in § 46-23-502(9), MCA, if the individual agrees to the registration requirement as part of a plea agreement. Section 46-23-512, MCA; *T.M.L.*, ¶ 18. The present case does not fall into any of these categories. We therefore are not persuaded that the unintended consequences to which Cantu refers renders the imposition of Condition 8b unreasonable in this case.

## CONCLUSION

¶23 We affirm the District Court in its decision upholding the Municipal Court's imposition of the condition that Cantu obtain a psychosexual evaluation.

¶24 Affirmed.

/S/ LAURIE McKINNON

11

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS