DA 12-0610

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 126N

CITY OF HELENA, MONTANA,

        Plaintiff and Appellee,

   v.

CHARLES ELLIOT MAGRAW,

        Defendant and Appellant.

APPEAL FROM:      District Court of the First Judicial District,

                        In and For the County of Lewis and Clark, Cause No. CDC 12-69

                        Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

Charles E. Magraw, self-represented; Helena, Montana

For Appellee:

Jeffrey M. Hindoien, Todd D. Baker; Office of the City Attorney;

Helena, Montana

_____

Submitted on Briefs:  April 17, 2013

Decided:   May 7, 2013

Filed:

_____

Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Charles Elliott Magraw (Magraw) appeals from the order entered in this matter by the First Judicial District Court on August 13, 2012, affirming the judgment of the Helena Municipal Court that found Magraw guilty of two violations of § 5-2-14 of the Helena City Code, which prohibits animals from running at large. As he did in the District Court, Magraw challenges the application of the ordinance to his actions and also argues the ordinance is unconstitutionally vague.

¶3    Magraw was cited on May 5, 2011, and July 30, 2011, by the City of Helena's animal control officer for owning or harboring "a dog that was running at large not on a leash" in alleged violation of the ordinance. He filed a motion to dismiss the citations, which was denied, and the two citations were consolidated for trial. A bench trial was conducted by the Helena Municipal Court on January 27, 2012, and Magraw was found guilty of both offenses. He appealed to the District Court, which rejected his arguments and affirmed his convictions.

¶4    On an appeal from municipal court, the district court functions as "an intermediate appellate court." *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461; *see* §§ 3-5-303 and 3-6-110, MCA. On subsequent appeal to this court, "we review the case as if the appeal originally had been filed in this Court." *Cantu*, ¶ 10 (citation omitted).

¶5    Section 5-2-14 of the Helena City Code provides:

**Animals Running at Large:** No animal shall be allowed to run at large within the corporate limits of the city. Any person who owns, harbors or keeps an animal, or the parent or guardian of any such person under the age of eighteen (18) years, shall be strictly liable for any violation of this section. All animals not confined within an enclosure or on the owner's property shall be kept on a leash not more than ten feet (10') long, securely restrained, or held so as to prevent the animal from running at large, with the following exception: All dogs must be kept under control, either on a leash or within sight and under voice control of their owners or other competent persons when they are within any "natural park" as defined in section 7-12-1 of this code and as designated by the city commission. Dogs must be kept on a leash within one hundred (100) yards of any trailhead in any natural park.

¶6 Magraw acknowledges that he did not have his dog leashed at the times stated in the citations, but argues "if the dog is at-heel there is no violation" of the ordinance. Throughout this proceeding, Magraw has been long on legal argument about the construction and meaning of the ordinance, but short on development of a factual record. By asserting that his dog was "at-heel," he apparently contends that he satisfied the requirements of the ordinance that the animal be "securely restrained" by being "within sight and under voice control of their owners or other competent persons" or otherwise held "as to prevent the animal from running at large." However, even if Magraw's interpretational arguments had merit, the problem is the lack of a factual record demonstrating exactly what Magraw and his dog were doing at the time the citations were issued. As the District Court noted, "[e]ven if Magraw's interpretation is correct, there is no evidence that the dog was at heel, securely restrained, or held. Magraw introduced photographs at trial, all of which simply show a loose dog . . . there was no testimony about whether the dog did or did not stay."

¶7 "[L]egal conclusions must emanate from a factual record, which is absent here." *Confederated Salish and Kootenai Tribes v. Clinch*, 2007 MT 63, ¶ 31, 336 Mont. 302, 158 P.3d 377. The power of the courts is limited to "'justiciable controversies.'" *State v. Benn*, 2012 MT 33, ¶ 9, 364 Mont. 153, 274

3

P.3d 47 (citations omitted). "'[A] 'controversy,' in the constitutional sense, is one that is 'definite and concrete, touching legal relations of parties having adverse legal interests'; it is 'a real and substantial controversy, admitting of specific relief through decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts, or upon an abstract proposition.'" *Benn*, ¶ 9 (citations omitted). Even if we were to agree with Magraw's interpretation of the ordinance, there would not be an evidentiary basis to reverse his conviction. We have no factual basis on which to render a legal judgment about proper application of the ordinance.

¶8 Magraw also contends that the ordinance is unconstitutionally vague, noting the differing interpretations that have been offered. This ordinance may well lack clarity, but difficulty in interpretation does not necessarily render an ordinance void for vagueness. Statutes are presumed to be constitutional, and challengers must satisfy the burden of proving them to be unconstitutional beyond a reasonable doubt. We conclude that Magraw has not met this burden.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones controlled by settled law that were correctly interpreted by the Municipal Court and the District Court.

¶10 Affirmed.


/S/ JIM RICE


We concur:


4

/S/ MIKE McGRATH

/S/ BETH BAKER

/S/ MICHAEL E WHEAT

/S/ LAURIE McKINNON