FILED

11/29/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0570

DA 15-0570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 314N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RICHARD NORMAN KAMPF,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 12-436
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, James Reavis, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Caitlin Overland, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  September 14, 2016
Decided:  November 29, 2016

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Kampf (Kampf) appeals from his conviction in Flathead County Justice Court and the ruling in his subsequent appeal to the Eleventh Judicial District Court. After he received multiple misdemeanor citations on December 12, 2006, Kampf never appeared to answer for the charges in Justice Court—despite the court issuing a bench warrant—until he was arrested for Partner or Family Member Assault in 2012, and the previous warrant was uncovered. He filed a motion to dismiss the 2006 citations on Montana and United States Constitutional speedy trial grounds on September 18, 2012, which the Justice Court denied. The court concluded that § 46–13—402(2), MCA, which governs, among other things, speedy trial standards for misdemeanor prosecutions, had not been satisfied because not more than six months had elapsed between the defendant's initial appearance to enter a plea and his subsequent trial. However, approximately six years had passed since the county had issued the initial complaint against him and his trial. The Justice Court held, and the District Court affirmed on appeal, that Article II, Section 24, of the Montana Constitution does not apply to misdemeanor offenses, leaving the six month window between appearance and trial in § 46–13–402(2), MCA, as the

2

standard and sole basis of analysis for an alleged speedy trial violation in a misdemeanor prosecution in Justice Court. We affirm.

¶3 We restate the issue for review as follows: Whether Article II, Section 24, of the Montana Constitution, and the framework of analysis promulgated in *State v. Ariegwe* 2007 MT 204, 338 Mont. 442, 167 P.3d 815, apply to misdemeanor prosecutions.

¶4 Trooper David Mills cited Kampf on December 12, 2006 for driving while suspended (§ 61–5–212, MCA); failing to carry proof of insurance (§ 61–6–302, MCA); and following too closely (§ 61–8–329, MCA) in the aftermath of an accident. All of the charges for which the citations were issued were misdemeanors. The citations required Kampf to appear personally in Flathead County Justice Court on December 22, 2006. Kampf did not appear before the court on December 22, and did not heed the court's warning letter sent on January 5, 2007. The Justice Court suspended his license on January 29, 2007, and issued a bench warrant on March 6, 2007 for his failure to appear. That warrant remained in effect until July 16, 2012, when Kampf was arrested on charges of Partner or Family Member Assault (PFMA). He appeared in Justice Court on July 17, 2012, to answer for the PFMA charge and his misdemeanor citations. He pled not guilty to all charges, but failed to appear at his omnibus hearing on August 28, 2012. In his absence, the court set trial for his 2006 misdemeanor charges for October 16, 2012.

¶5 Through assigned counsel, Kampf moved to dismiss his misdemeanor charges on Montana and United States constitutional speedy trial grounds on September 18, 2012, but the Justice Court denied his motion by order on October 5, 2012. In his motion for dismissal, Kampf argued that the delay between the filing of the complaint against him

3

and his trial date, a span of approximately six years, violated his right to a speedy trial under the United States and Montana Constitutions. In its order denying the motion, the Justice Court reasoned that this Court's decision in *Ariegwe*, the controlling framework for constitutional speedy trial claims in Montana, did not apply to misdemeanor violations. Rather than following *Ariegwe* by conducting a speedy trial hearing, the Justice Court held that *Ariegwe* did not apply, and § 46–13–401(2), MCA, instead controlled the analysis.

¶6 Less than six months had passed between Kampf entering a plea on July 17, 2012, and his motion to dismiss being filed on September 18, 2012. Since the Justice Court recognized § 46–13–401(2), MCA, as the only controlling authority, the court concluded Kampf had not been denied his speedy trial right. Kampf did not appear at his bench trial on October 16, 2012 and was convicted on all counts *in absentia*. Kampf appealed to the Eleventh Judicial District Court, where the Justice Court's rationale underlying the denial of his motion to dismiss was upheld, and his convictions were affirmed.

¶7 On appeal from Justice Court, the District Court functions as an intermediate appellate court. *See* §§ 3–5–303 and 3–10–115, MCA. On appeal to this Court, we review the case as if the appeal had been filed originally in this Court. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461; *State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646 (citing *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643). "We examine the record independently of the district court's decision, reviewing the trial court's findings of fact under the clearly erroneous standard,

4

its discretionary rulings for abuse of discretion, and its legal conclusions and mixed questions of law and fact under the de novo standard." *Ellison*, ¶ 8.

¶8      We have previously held that while "*Ariegwe* has no application in a statutory speedy-trial claim," a defendant is not precluded from pursuing both his statutory right to a speedy trial and his constitutional right to a speedy trial in the same matter. *City of Helena v. Heppner*, 2015 MT 15, ¶¶ 13, 18, 378 Mont. 68, 341 P.3d 640. A statute may not abrogate a constitutional provision, so a defendant is free to pursue constitutional protections for a speedy trial when his claims under statutory protections fail or are otherwise not available. *Heppner*, ¶ 18.

¶9      The Justice Court denied Kampf's speedy trial claim on the grounds that Article II, Section 24, of the Montana Constitution, and the *Ariegwe* framework do not apply to misdemeanors. Rather than apply *Ariegwe's* four factors and conduct a balancing test, the court constrained its application of law to the provisions of § 46–13–401(2), MCA. Additionally, it concluded that Kampf's arraignment was the trigger date for a speedy trial analysis, not the date the complaint was filed. Although the court was correct that the date of Kampf's arraignment was the trigger date for the misdemeanor statutory speedy trial protections in § 46–13–401(2), MCA, it erred by not conducting a separate constitutional speedy trial right analysis under *Ariegwe*.

¶10     Section 24 and *Ariegwe* do indeed apply to misdemeanor violations, but misdemeanor defendants often times will be better served by moving to dismiss under the smaller threshold window of six months, granted by the statutory protection of § 46-13-401(2), MCA. Although Kampf did not meet the statutory threshold of six

months between arraignment and trial, he did meet *Ariegwe's* threshold of 200 days between complaint and trial. Kampf's motion to dismiss on constitutional grounds therefore should have been heard before the Justice Court, and analyzed consistent with our ruling in *Ariegwe*: the Justice Court should have issued findings of fact, conclusions of law, and conducted a balancing test of the four factors.

¶11 However, just as we may determine, in the absence of the Justice Court conducting an *Ariegwe* analysis, that the threshold 200 days has been satisfied and triggers a constitutional analysis, so too may we determine that Kampf's avoidance of the several hearing dates culminating in the issuance of a warrant outstanding for six years conclusively establishes that he had not asserted and did not want his right to a speedy trial. Factor (3) of the *Ariegwe* constitutional speedy trial analysis requires the court to determine whether the accused asserted his right to a speedy trial. *Ariegwe*, ¶ 20. Although we recognize that *Ariegwe* requires the trial court to enter findings of fact and conclusions of law as to each factor, *Ariegwe*, ¶ 117, remand under the facts present here would be an exercise in futility. Kampf never appeared to answer the charges despite having been provided notice to personally appear. Kampf also did not appear after the Justice Court's warning letter sent on January 5, 2007. Further, despite the suspension of Kampf's license for six years and an outstanding bench warrant for an equal amount of time, Kampf continued to avoid trial until he was arrested for a new offense and the outstanding warrant was discovered. Even then, Kampf failed to appear at his omnibus hearing and was ultimately tried *in absentia* on October 16, 2012.

6

¶12 Based on these facts, we have no difficulty concluding that although the Justice Court erred in not conducting a constitutional speedy trial analysis, the record clearly establishes Kampf did not want or assert his right to a speedy trial. Indeed, the record demonstrates Kampf did everything he could to avoid a speedy resolution of these proceedings.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE