FILED

03/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0183

DA 16-0183

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 56

CITY OF BILLINGS,

      Plaintiff and Appellee,

    v.

DANIEL BARTH,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DC 15-1013 Honorable Russell C. Fagg, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant Attorney General, Helena, Montana

          Teague J. Westrope, Billings Deputy City Attorney, Billings, Montana

                    Submitted on Briefs: February 8, 2017

                                 Decided: March 14, 2017

Filed:

                                     _____
                                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Daniel Barth appeals the order and decision of the Thirteenth Judicial District Court, Yellowstone County, affirming alcohol-related conditions included in Barth's sentence by the City of Billings Municipal Court. We address the following issue:

> *Whether the Municipal Court erred in imposing alcohol-related conditions on the defendant's sentence.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On January 29, 2015, Daniel Barth ran a stop sign while driving a Chevrolet Avalanche and collided with a Dodge Caravan at an intersection in Billings, Montana. Barth was identified as the driver of the Avalanche by a license plate recovered at the scene and by the testimony of an eyewitness who picked him out of a photo lineup. The occupants of the Caravan, a young mother and her eight-month-old child, suffered several serious injuries, requiring medical treatment. Instead of remaining at the scene to check on the well-being of the victims and to alert authorities of the accident, Barth fled. The next day, Barth called police to report that his Avalanche had been stolen the night before.

¶4 Barth was charged with: (1) negligent endangerment in violation of § 45-5-208, MCA; (2) leaving the scene of an injury accident in violation of § 61-7-103, MCA; and (3) failing to give notice of an accident in violation of § 61-7-108, MCA. On September 4, 2015, a jury found Barth guilty of all charges. At the sentencing hearing,

2

the City introduced evidence of Barth's criminal record, including seven convictions for driving under the influence of alcohol (DUI), and other traffic violations. Barth's most recent alcohol-related conviction was a DUI in 2007. The City contended that it was impossible to tell if alcohol was a factor in Barth's accident in this case because he fled the scene.

¶5 Citing concerns about Barth's history with alcohol, the Municipal Court included six conditions to Barth's suspended sentence for negligent endangerment, four of which pertained to alcohol use:

3. Defendant shall be subject to random urinalysis and breath testing;

4. Defendant shall not enter any place where alcohol is the primary item of sale including bars and casinos;

5. Defendant shall not consume any alcohol, drugs, or mood-altering substances;

6. Defendant shall complete a chemical dependency evaluation and shall follow all recommendations made by the licensed addictions counselor.

The Municipal Court specifically concluded that Barth was a danger to society because of his history of DUIs.

¶6 Barth filed a timely appeal to the District Court regarding the four alcohol-related conditions of his sentence. Barth did not appeal his convictions or the non-alcohol related conditions of his sentence. Barth argued that the Municipal Court did not establish a sufficient nexus between his criminal history and the conditions imposed on his sentence that related to alcohol. On January 27, 2016, the District Court issued an

3

order and decision affirming the Municipal Court's conditions. Barth timely appeals the District Court's order.

## STANDARDS OF REVIEW

¶7 On an appeal from a municipal court, district courts function as an intermediate appellate court. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461. When the district court is subsequently appealed, we review the case as if the appeal had originally been filed in this Court, and apply the appropriate standard of review. *Cantu*, ¶ 10.

¶8 Sentencing conditions are reviewed first for the condition's legality, and then for abuse of discretion. *Cantu*, ¶ 11. A condition is illegal when there exists no statutory authority to impose it, where the condition exceeds the limits of the relevant sentencing statute, or where the court fails to "adhere to the affirmative mandates of the applicable sentencing statutes." *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242. If the condition is legal, we then determine if the condition is a "reasonable restriction, or condition considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(q), MCA; *Heddings*, ¶ 14.

## DISCUSSION

¶9 *Whether the Municipal Court erred in imposing alcohol-related conditions on the defendant's sentence.*

¶10 In order for a sentencing court to impose a condition on a defendant's suspended sentence, the court must find a nexus between the condition and the underlying offense or the offender's history. *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164.

4

Offender-related conditions are appropriate only when the "history or pattern of conduct to be restricted is recent, and significant or chronic." *Ashby*, ¶ 15. A condition will be invalidated where the nexus is absent altogether, or is "exceedingly tenuous." *State v. Melton*, 2012 MT 84, ¶ 18, 364 Mont. 482, 276 P.3d 900 (citing *State v. Zimmerman*, 2010 MT 44, ¶ 17, 355 Mont. 286, 228 P.3d 1109).

¶11 Section 46-18-201(4)(q), MCA, gives sentencing courts the legal authority to impose any reasonable conditions on suspended sentences. At the sentencing hearing, the Municipal Court made clear that the conditions imposed were designed to protect society from Barth's criminal behavior and alcohol abuse. As there exists clear statutory authority for the Municipal Court's actions, the conditions imposed on Barth's suspended sentence were legal.

¶12 We next determine if the condition is reasonable. In that regard, we assess whether the "history or pattern of conduct to be restricted is recent, and significant or chronic." Ashby, ¶ 15. Barth does not dispute that his seven DUI convictions constitute a significant and chronic problem; rather, he contends his alcohol abuse is not recent. Barth argues that because his last DUI prior to the hit-and-run was eight years old, the DUI is both remote and stale under *Ashby*. We disagree.

¶13 We have previously held that a history of chemical dependency, despite no evidence of alcohol abuse in sixteen years prior to arrest, was a sufficient nexus to the offender to support a condition prohibiting alcohol use. *State v. Winkel*, 2008 MT 89, ¶¶ 15-16, 342 Mont. 267, 182 P.3d 54. In *Winkel*, the concern was that alcohol would

hinder Winkel's rehabilitation in light of his extensive history with chemical dependency. Similarly, Barth has developed a lengthy and substantial history of driving under the influence, as well as reckless and careless driving over the last thirty years. As in *Winkel*, Barth's history suggests that alcohol presents a barrier to his rehabilitation and makes him a danger to society. Barth's eight-year-old DUI is decidedly more recent than the sixteen-year gap in *Winkel*, and is sufficient to meet the recency requirement set forth in *Ashby*. The Municipal Court's alcohol-related conditions were both legal and reasonable, and have a sufficient nexus to Barth's history of alcohol abuse and reckless driving.

¶14 It is unfortunate for Barth that any evidence that his hit-and-run was not alcohol-related evaporated when he chose to flee the scene. On that score, however, Barth is the author of his own misfortune. More to the point, even if we were to give Barth the benefit of the doubt that he was merely callous, rather than intoxicated, when he fled the scene of an accident in which he seriously injured a mother and her eight-month-old infant, his extensive DUI history, and obvious chemical dependency issues, justified the alcohol-related conditions imposed by the Municipal Court.

## CONCLUSION

¶15 We affirm the District Court's order upholding the Municipal Court's alcohol-related conditions on Barth's sentence.


/S/ JAMES JEREMIAH SHEA


6

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE