DA 20-0326

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 111N

CITY OF GREAT FALLS,

      Plaintiff and Appellee,

  v.

SAXON DRU POLICH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC-19-735
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Saxon Dru Polich, Self-Represented, Ulm, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

      Sara R. Sexe, Great Falls City Attorney, Joseph Cik, Assistant City
Attorney, Great Falls, Montana

Submitted on Briefs:  February 17, 2021

Decided:  May 4, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Saxon Dru Polich appeals from the Eighth Judicial District Court order denying appeal and remanding for sentencing following his misdemeanor convictions for resisting arrest and obstructing a peace officer. Polich fails to support a cognizable claim on appeal because his brief is practically indecipherable. This Court is not obligated to conduct legal research on behalf of a party, to guess at his or her precise position, or to develop legal analysis that may lend support to that position. *Johnston v. Palmer*, 2007 MT 99, ¶ 30, 337 Mont. 101, 158 P.3d 988. Nevertheless, we will address the issues Polich raises as interpreted by the Municipal Court and the District Court.

¶3      We consider the following issues on appeal: (1) whether the Municipal Court had jurisdiction over two misdemeanor charges committed in Great Falls; (2) whether the record was sufficient for the District Court's intermediate appeal and appeal to this Court; (3) whether Polich waived his state constitutional right to a jury trial; and (4) whether Polich's convictions are supported by sufficient evidence. We affirm.

¶4      On April 27, 2019, the Great Falls Police Department received a phone call from a witness concerning a vandalism. Law enforcement immediately responded and proceeded

to Elevation 3330 bar to determine if anyone matched the description provided by the witness, and observed Polich, who matched the description provided.

¶5 When law enforcement informed Polich he was a potential suspect of the vandalism, Polich repeatedly refused to provide his name or other identifying information. Polich then provided officers with a false name and was generally noncompliant. Polich became aggressive with law enforcement. After Polich was informed he was under arrest, he refused to comply by physically resisting arrest. An officer testified he requested backup help at this time because he believed he was in danger.

¶6 Polich continued to resist arrest even after other officers began to assist in the arrest. Video surveillance footage played at trial displayed that it took four officers and other patrons to complete Polich's arrest. At one point, one of the officers had to deploy a taser because of Polich's resistance.

¶7 Polich was charged with resisting arrest, in violation of § 45-7-301, MCA, and obstructing a peace officer, in violation of § 45-7-302(1), MCA.

¶8 During Polich's arraignment on April 29, 2019, Polich refused the appointment of counsel. Polich was provided a scheduling order setting dates for trial, a jury confirmation hearing, and an omnibus hearing. Polich refused to sign the form that specified the ombibus hearing would occur on June 24, 2019, at 9:30 a.m. The form also specified, "If you fail to appear personally for the Omnibus Hearing, the Jury Confirmation hearing will be vacated. Additionally, your right to a Jury trial will be waived and a Bench Trial will proceed on same date and time." Polich failed to appear at the omnibus hearing.

¶9     On September 13, 2019, Polich was convicted of both charges after a bench trial in the City of Great Falls Municipal Court. Trial testimony established that Polich committed the offenses in Great Falls, Montana, located in Cascade County.

¶10    Polich filed an appeal to the District Court, which the City and the District Court interpreted to raise four issues. The District Court denied Polich's appeal and remanded for sentencing. Polich then filed a notice of appeal to this Court, challenging the Municipal Court's sentencing orders and the District Court's order denying his appeal.

¶11    On an appeal from a municipal court, district courts function as an intermediate appellate court. *City of Billings v. Barth*, 2017 MT 56, ¶ 7, 387 Mont. 32, 390 P.3d 951 (citing *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461). "When the district court is subsequently appealed, we review the case as if the appeal had originally been filed in this Court, and apply the appropriate standard of review." *Barth*, ¶ 7. "The ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review." *State v. Davis*, 2016 MT 102, ¶ 31, 383 Mont. 281, 371 P.3d 979.

¶12    This Court will examine the record independently of the district court's decision, reviewing the lower court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions for correctness. *City of Missoula v. Metz*, 2019 MT 264, ¶ 11, 397 Mont. 467, 451 P.3d 530 (citing *City of Missoula v. Kroschel*, 2018 MT 142, ¶ 8, 391 Mont. 457, 419 P.3d 1208.

¶13 We review a lower court's conclusions of law and interpretations of the Montana Constitution de novo. *State v. Sherlock*, 2018 MT 92, ¶ 7, 391 Mont. 197, 415 P.3d 997. Our review of questions involving constitutional law is plenary. *Sherlock*, ¶ 7.

¶14 Claims of insufficient evidence are reviewed de novo. *State v. Bekemans*, 2013 MT 11, ¶ 18, 368 Mont. 235, 293 P.3d 843. We review the record for sufficient evidence in the light most favorable to the prosecution. *Bekemans*, ¶ 20 (citing *State v. Gunderson*, 2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74).

¶15 Polich argues the Great Falls Municipal Court did not possess jurisdiction over the misdemeanor offenses he committed in Great Falls. Section 46-2-201, MCA, establishes that municipal courts have criminal jurisdiction as authorized by § 3-6-103, MCA, which provides that municipal courts have "jurisdiction coordinate and coextensive with the justices' courts of the county where the city is located." *City of Helena v. Frankforter*, 2018 MT 193, ¶ 18, 392 Mont. 277, 423 P.3d 581. Courts of limited jurisdiction, including municipal courts, have authority limited to specific offenses and geographical areas within Montana. *Frankforter*, ¶ 18. "Those specific offenses include, 'all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months,' and justices' court also have 'concurrent jurisdiction with district courts of all misdemeanors punishable by a fine exceeding $500 or imprisonment exceeding 6 months, or both.'" *Frankforter*, ¶ 19; §§ 3-10-303(1)(a), (c), MCA.

¶16     The Great Falls Municipal Court is established in Cascade County; its geographical jurisdiction is thus established over misdemeanor offenses committed within Cascade County. Resisting arrest and obstructing a peace officer are both misdemeanor offenses punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months. Sections 45-7-301(3) and 45-7-302(3), MCA. The Great Falls Municipal Court had jurisdiction over Polich's two misdemeanor offenses because Polich committed the offenses in Cascade County.

¶17     Polich next argues the record was not sufficient for the District Court's intermediate appeal and appeal to this Court. An appellant has a duty to present the Supreme Court with a record sufficient to enable it to rule upon the issues raised. M. R. App. P. 8(2). If an appellant fails to present sufficient record on appeal, the Court may affirm on that basis. M. R. App. P. 8(2). The entire Municipal Court record was provided to the District Court and to this Court on appeal for a fair review of the record.

¶18     Polich argues he did not waive his right to a jury trial after he failed to personally appear at the omnibus hearing in violation of a court order.

¶19     In all criminal prosecutions the accused shall have a right to a speedy public trial by an impartial jury. Mont. Const. art. II, § 26. This Court has established that a misdemeanor defendant may waive his or her right to trial by jury by failing to appear as directed by the trial court. *City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 20, 396 Mont. 57, 443 P.3d 504. If the court requires a defendant's personal presence at a pretrial hearing and the defendant fails to appear, a nonappearance may result in waiver of the right to a jury trial.

6

*Sherlock*, ¶ 9. A defendant's nonappearance does not automatically result in a waiver of the right to a jury trial. *Salsgiver*, ¶ 21. Rather, whether a defendant's nonappearance constitutes a waiver of his right to a jury trial depends on the circumstances of the particular case. *Salsgiver*, ¶ 21.

¶20 "In all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel only, although the court may require the personal attendance of the defendant at any time." Section 46-16-120, MCA. In this case, after Polich refused appointment of counsel at his arraignment, he was provided a scheduling order setting specific dates, including an omnibus hearing. Polich was advised that if he failed to appear personally at the omnibus hearing his right to a jury trial would be waived and a bench trial would proceed. Under these circumstances, the Municipal Court did not err in determining that Polich waived his right to a jury trial by failing to appear for the omnibus hearing in violation of the order requiring his personal attendance.

¶21 Polich argues his convictions for resisting arrest and obstructing a peace officer were not supported by sufficient evidence. "There is sufficient evidence to support a conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Bekemans*, ¶ 20 (citing *State v. Finley*, 2011 MT 89, ¶ 18, 360 Mont. 173, 252 P.3d 199).

¶22 A person commits the offense of resisting arrest if the person knowingly prevents or attempts to prevent a peace officer from effecting an arrest by using or threatening physical force or violence against the peace officer or using any other means that creates a

risk of causing physical injury to the peace officer or another. Section 45-7-301(1), MCA. The evidence presented at trial via video surveillance footage established that Polich's physical resistance required four officers and other bar patrons to assist in completing the arrest. Additionally, an officer testified he called for backup because he believed he was in danger. Any rational trier of fact could have found the elements of resisting arrest because the evidence establishes Polich used physical force and violence against the officers which created a risk of physical injury to the officers themselves.

¶23 A person commits the offense of obstructing a peace officer if the person knowingly obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of peace, or the performance of a government function. Section 45-7-302(1), MCA. When police officers contacted Polich as a suspect of the vandalism investigation, Polich repeatedly refused to provide his name and then provided a false name. Any rational trier of fact could have found that Polich's refusal to provide his name, followed by providing a false name, obstructed, impaired, and hindered law enforcement's ability to investigate the vandalism complaint.

¶24 Based on the evidence when viewed in the light most favorable to the prosecution, any rational trier of fact could have found Polich committed the essential elements of resisting arrest and obstructing a peace officer beyond a reasonable doubt.

¶25 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

8

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE