DA 21-0009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 183N

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

DELORISANN M. GIBSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-20-492
Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Ryan Aikin, Aikin Law Office, PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Christine Hutchison, Assistant Attorney General, Helena, Montana

      James P. Nugent, Missoula City Attorney, Missoula, Montana

Submitted on Briefs:  July 27, 2022

Decided:  September 20, 2022

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Delorisann Gibson (Gibson) appeals a Fourth Judicial District Court order affirming the order of the Missoula Municipal Court to revoke Gibson's suspended sentence and to sentence Gibson to twelve months in jail, with 356 days suspended and credit for three days served. We affirm.

¶3      On October 7, 2019, Gibson pled guilty to a single count of Partner or Family Member Assault (PFMA) in the Missoula Municipal Court. Under § 45-5-206(3)(a)(i), MCA, "An offender convicted of [PFMA] shall be . . . imprisoned in the county jail for a term not to exceed 1 year or not less than 24 hours for a first offense." The Municipal Court sentenced Gibson to 12 months in jail, with 363 days suspended and credit for two days served. The conditions of the suspended sentence included following all laws, providing proof of enrollment and participation in specific programs, and refraining from contacting the victim of the PFMA charge.

¶4      On October 29, 2019, the Municipal Court issued an order requiring Gibson to appear on November 18, 2019, to show cause why the court should not hold her in contempt for failing to enroll and participate in the required programs.

2

¶5 On November 15, 2019, the Missoula City Police arrested Gibson and charged her with two new counts of PFMA. On November 18, 2019, Gibson pled not guilty to the two new PFMA charges and was released on her own recognizance. On that same day, she failed to appear at the show cause hearing.

¶6 On November 25, 2019, the City of Missoula (City) filed a Petition to Revoke (PTR) Gibson's suspended sentence based on five violations: violations one and two dealt with Gibson's failure to enroll and participate in specific programs; the third violation arose from Gibson's failure to abide by court orders by failing to appear at the November 18, 2019 show cause hearing; the fourth violation referred to the November 15, 2019 citation Gibson received from the Missoula City Police for PFMA; and the fifth violation cited Gibson's failure to avoid contact with the victim of the October 7, 2019 PFMA conviction.

¶7 The Municipal Court issued an order for Gibson to appear on December 30, 2019, and to admit or deny the allegations in the PTR. Gibson did not appear and the court issued a bench warrant for her arrest. On May 28, 2020, Gibson appeared in court and entered a general denial to all five of the violations specified in the PTR. The court scheduled a hearing for June 29, 2020. Gibson was released on her own recognizance, though subject to the same conditions of release as previously ordered. On June 29, 2020, Gibson did not appear at the scheduled hearing, and another warrant for her arrest was issued.

¶8 On August 24, 2020, nine months after the filing of the PTR, the Municipal Court held a hearing on the petition. Represented by counsel, Gibson admitted to the first three alleged violations in the PTR but denied the fourth and fifth alleged violations. Contending that the admitted violations were sufficient to support revocation of Gibson's sentence, the

City declined the court's offer to provide additional evidence related to the violations denied by Gibson, which were based on the two pending criminal charges. The court dismissed those alleged violations of the PTR and proceeded to sentencing.

¶9 The City Attorney argued that the pending criminal charges demonstrated that Gibson did not take the instant case seriously. Gibson's counsel objected. The court did not rule on the objection.

¶10 Gibson's counsel argued for a sentence based solely on the admitted violations and asked for the re-imposition of the suspended sentence with one additional day in jail and credit for one additional day served.

¶11 The Municipal Court followed the City's recommendation in an order revoking Gibson's sentence and re-imposing a sentence of twelve months in jail, with 356 days suspended. The order granted Gibson credit for three days served. The order omitted any explanation for the sentence. On appeal, the Fourth Judicial District Court affirmed the Municipal Court's order.

¶12 An appeal of a district court decision arising from an appeal of a municipal court is reviewed by this Court as if the appeal had originally been filed in this Court. *City of Billings v. Barth*, 2017 MT 56, ¶ 7, 387 Mont. 32, 390 P.3d 951. This Court has plenary power to review questions as to whether a court violated a probationer's constitutional right of due process. *State v. Finley*, 2013 MT 239, ¶ 10, 317 Mont. 268, 77 P.3d 193.

¶13 With two narrow exceptions, our review of criminal sentences is for legality only. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 11, 369 Mont. 81, 296 P.3d 461 (citations omitted). Under the first exception, if a defendant is sentenced to serve less than one year

4

of actual incarceration, we review the sentence both for legality and for abuse of discretion. *Cantu*, ¶ 11 (citations omitted). So long as a sentence falls within the statutory parameters the sentence will be regarded as legal. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 982.

¶14    Our review of due process claims arising from revocation hearings assesses the extent to which the hearing was "fundamentally fair." *See State v. Fetveit*, 2020 MT 264, ¶ 13, 401 Mont. 538, 474 P.3d 811. Due process in the context of a revocation hearing requires "a hearing structured to ensure that the parolee or probationer's violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's or probationer's behavior." *State v. Sebastian*, 2013 MT 347, ¶ 17, 372 Mont. 522, 313 P.3d 198.

¶15    Sentences predicated on misinformation about the defendant's criminal history qualify as due process violations. *Bauer v. State*, 1999 MT 185, ¶ 21, 295 Mont. 306, 983 P.2d 955 (citation omitted). Not every piece of misinformation presented during a sentencing hearing gives rise to a due process violation. Such a violation takes place when a sentence is predicated on misinformation based on materially false assumptions. *Bauer*, ¶ 20 (citation omitted). Where a sentencing court is found to not have relied on improper or erroneous information in sentencing there is nothing to correct or rebut and the defendant is not entitled to resentencing on due process grounds. *Bauer*, ¶ 24.

¶16    The occurrence of substantial injustice resulting from a court acting arbitrarily without employment of conscientious judgment or beyond the bounds of reason means that

the court abused its discretion. *State v. Weldele*, 2003 MT 117, ¶ 72, 315 Mont. 452, 69 P.3d 1162 (citation omitted).

¶17 Gibson's counsel alleges that "[t]he City asked the court to sentence Gibson based on bare allegations of new charges unsupported by any evidence at all." However, the City made no such ask—explicitly or impliedly. Instead, the City made clear that it referenced the charges to support their contention that Gibson was "not taking the sentence in [her] case seriously." Obviously, the Municipal Court was well aware of the pending charges. The court had just dismissed alleged violations four and five of the petition and the City Attorney specifically declined to elaborate on the two charges at the time they were dismissed.

¶18 This Court need not decide if the mention of the then-pending charges by the City counted as materially inaccurate information because the court did not predicate its sentence on misinformation. As the District Court noted, the Municipal Court expressly dismissed the two alleged violations and "there were no other comments by the Municipal Court that would suggest that the allegations it expressly dismissed influenced its reasoning." The three violations to which Gibson admitted provided the Municipal Court with the requisite evidence it needed for its sentence.

¶19 Gibson's counsel also claims that Gibson's due process rights were violated because the Municipal Court did not provide an explanation for its sentence in violation of § 46 18-102(3)(b), MCA. The State contends that Gibson waived the right to assert this issue on appeal because she did not object in the Municipal Court to its potential violation

of that provision and because the sentence was not illegal—thereby foreclosing this Court's review of the issue under *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).[1]

¶20 "Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment." Section 46-20-104(2), MCA. In a case originating from a municipal court on appeal from a district court judge, the defendant's failure to properly raise an issue at the first appellate level renders any subsequent attempt to raise that issue improper. *Missoula v. Asbury*, 265 Mont. 14, 20, 873 P.2d 936, 939 (1994). Gibson's counsel argued before the District Court that due process mandated that the sentencing court provide a written statement of the reason for revoking probation. The issue was properly preserved.

¶21 Section 46-18-203, MCA, addresses whether the sentencing court sufficiently stated its reasons for the *imposition* of a particular sentence, not the *revocation* of a probationary sentence. *State v. Baird,* 2006 MT 266, ¶ 25, 334 Mont. 185, 145 P.3d 995. Where the record is adequate to determine that the sentencing court's revocation of a defendant's sentence was based on permissible grounds supported by the evidence, minimal due process requirements have been met. *See Baird*, ¶ 32 (internal citations omitted).

¶22 In upholding the sentence issued by the Municipal Court and in reliance on our precedent, the District Court concluded that the revoking court need not issue a thorough written memorandum of its reasoning, *see Baird,* ¶¶ 28-30, and that the record from the

---

[1] In *Lenihan*, we established that only where a criminal sentence is alleged to be illegal or in excess of statutory mandates will this Court review an issue on appeal that the party failed to object to at trial.

Municipal Court provided sufficient reasoning for its sentence based on its order expressly citing the three violations of Gibson's suspended sentence to which she admitted in person.

¶23 We agree with the District Court's decision to uphold the sentence. Gibson's admissions and the record, including failure to appear at a previous proceeding, provided the Municipal Court with adequate grounds to sentence Gibson to a year in jail, with 356 days suspended and credit for three days served, as authorized by § 45-5-206(3)(a)(i), MCA.

¶24 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶25 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE

8