No. 00-639

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 53

CITY OF KALISPELL,

Plaintiff/Respondent,

v.

TARA KOESTNER,

Defendant/Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sean S. Frampton, Hedman, Hileman & Lacosta, Whitefish, Montana

For Respondent:

Richard M. Hickel, Kalispell City Attorney, Kalispell, Montana

Submitted on Briefs: January 4, 2001
Decided: April 5, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Tara Koestner was convicted of reckless driving in the Kalispell Municipal Court. She appealed her conviction and a pre-trial order denying her request for a jury trial. The District Court, Eleventh Judicial District, Flathead County, concluded that it did not have jurisdiction to consider the appeal and affirmed the Kalispell Municipal Court's order. Koestner presents the following issues on appeal:

> 1. Did the District Court err when it concluded that it had no jurisdiction to consider Koestner's appeal from the Kalispell Municipal Court?

> 2. Did the District Court err when it subsequently affirmed the Kalispell Municipal Court's order denying Koestner's request for a jury trial?

¶2 We affirm.

## BACKGROUND

¶3 On August 7, 1999, Tara Koestner, age 15, was cited for Reckless Driving, in violation of § 61-8-301, MCA, after her vehicle overturned in Lawrence Park within the city of Kalispell, Montana.

¶4 On September 15, 1999, an Omnibus Hearing was held before the Kalispell Municipal Court. Koestner appeared at the hearing and requested a jury trial, which was set for November 9, 1999. On October 21, 1999, the City of Kalispell moved for a continuance due to a scheduling conflict of a witness. The matter was reset for jury trial on Tuesday, December 21, 1999.

¶5 On Friday, December 17, 1999, Koestner, accompanied by her father, verbally requested a continuance because of a family emergency. Apparently, Koestner was informed by the prosecutor that the City would not object to the request if she waived her right to a jury trial and agreed to a bench trial. Koestner was granted the weekend to make her decision. On Monday, December 20, 1999, Koestner signed a Waiver of Jury Trial. The Court granted a continuance and reset the matter for a bench trial on February 3, 2000.

¶6 Koestner subsequently retained counsel and on January 19, 2000, moved the Kalispell

Municipal Court for a continuance of the bench trial and notified the Court of an election for jury trial. The City objected to Koestner's jury demand. On January 21, 2000, the Kalispell Municipal Court issued an order denying both Koestner's motion to continue and her request for jury trial. The case proceeded to trial, and the Kalispell Municipal Court found Koestner guilty of Reckless Driving. Koestner received a sentence of a $175 fine, court costs of $20, and a witness fee of $10.

¶7 Koestner appealed both her conviction and the Court's order denying her request for a jury trial. The District Court concluded that it did not have jurisdiction to hear the appeal. Although it recognized that it did not have jurisdiction to consider the appeal, the District Court nevertheless pointed out in its order denying jurisdiction that the Kalispell Municipal Court's denial of Koestner's jury demand was correct. Koestner now appeals the order of the District Court.

## STANDARD OF REVIEW

¶8 The district court's determination of whether it has the power to review a municipal court's decision is a question of law which we review to determine whether its interpretation is correct. *See City of Missoula v. Robertson*, 2000 MT 52, ¶ 14, 298 Mont. 419, ¶ 14, 998 P.2d 144, ¶ 14.

## ISSUE ONE

¶9 Did the District Court err when it concluded that it had no jurisdiction to consider Koestner's appeal from the Kalispell Municipal Court?

¶10 Koestner contends that the District Court had jurisdiction to hear her appeal because, absent a valid Kalispell city ordinance addressing jurisdiction, Rule 1 of the Montana Uniform Municipal Court Rules of Appeal to District Court does not specifically limit the District Court's jurisdiction. The City contends that the District Court appropriately relied on Rule 1, U.M.C.R.App., in reaching its decision regarding its lack of jurisdiction.

¶11 The District Court correctly concluded that the Montana Uniform Municipal Court Rules of Appeal to the District Court, § 25-30-2100 to -2400, MCA, apply to appeals from a municipal court judgment. First, the District Court noted that an appeal from a municipal court to a district court is limited to a review of the record and to questions of law. Section 3-6-110, MCA. The District Court also stated that an appeal is further limited by Rule 1, U.

M.C.R.App. Rule 1, in relevant part provides:

> (b) Limitation of appeals. Appeal from a municipal court judgment shall be limited by city ordinance in the following cases:

> (1) In civil causes, the ordinance shall require that a minimum amount in controversy shall exceed $1,000.00, before the district court has jurisdiction to hear the appeal.

> (2) In criminal causes, the ordinance shall require that a minimum amount in controversy, fine or restitution shall exceed $300.00 before the district court has jurisdiction to hear the appeal, except if the judgment includes incarceration, no minimum fine may be required for appeal.

> (3) Appeals may be taken in criminal cases as provided in §§ 46-20-103 and -104, MCA.

¶12 The fine imposed on Koestner by the Municipal Court was $175. No jail time was ordered. The District Court concluded that it was bound by the above statute, specifically Rule 1(b)(2), U.M.C.R.App., in determining whether it had jurisdiction to consider the appeal. Since Koestner was not incarcerated and her fine was less than $300, the District Court concluded it was without jurisdiction to hear the appeal. We agree.

¶13 Koestner argues on appeal that under the Montana Uniform Municipal Court Rules of Appeal to District Court, a city must have an ordinance in place to trigger the statutory minimum amount necessary to bring an appeal. Since the City never presented evidence that such an ordinance was in existence, she maintains that the District Court did have jurisdiction because § 3-6-110, MCA, provides that an appeal from the municipal court to the district court is "confined to review of the record and questions of law." Koestner argues that § 3-6-110, MCA, does not include any words of limitation.

¶14 Koestner failed to raise this argument in the District Court and raises the issue for the first time on appeal. We will not entertain issues on appeal that were not raised in the initial appeal from municipal court to district court. *See Robertson*, ¶¶ 26-27. Thus, we conclude that the District Court properly determined that it could not hear Koestner's

appeal because it did not reach the threshold amount in controversy as set forth in Rule 1 (b)(2), U.M.C.R.App.

¶15 Koestner could have petitioned the District Court to accept jurisdiction notwithstanding the limitations of Rule 1(b)(2), U.M.C.R.App. Rule 3, U.M.C.R.App., provides that, in the interest of justice, a district court may consider an appeal from the municipal court regardless of the amount in controversy. No such petition was filed. Therefore, the District Court had no jurisdiction to hear this appeal.

ISSUE TWO

¶16 Did the District Court err when it affirmed the Kalispell Municipal Court's order denying Koestner's request for a jury trial?

¶17 As stated above, the District Court was without jurisdiction to consider Koestner's appeal. Thus, any discussion of the District Court regarding the propriety of the Municipal Court's denial of her request for a jury trial is dicta and we decline to address it.

¶18 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON