FILED

11/22/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0534

DA 15-0534

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 300

CITY OF BOZEMAN,

        Plaintiff and Appellee,

    v.

JAMES KING,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 15-52B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James King (Self-Represented), Bozeman, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
Assistant Attorney General, Helena, Montana

            Greg Sullivan, Bozeman City Attorney, Ed Hirsch, Prosecutor,
Bozeman, Montana

Submitted on Briefs:  October 12, 2016

Decided:  November 22, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    James King was convicted of disorderly conduct on September 12, 2014, in the Bozeman Municipal Court. Acting pro se, he appealed the verdict to the Eighteenth Judicial District Court, Gallatin County. The District Court, in a comprehensive opinion and order, declined appellate jurisdiction and remanded the matter to the Municipal Court for enforcement of King's sentence. King appeals. We affirm.

## ISSUE

¶2    A restatement of the issue on appeal is whether the District Court erred when it declined to exercise jurisdiction over King's appeal from the Municipal Court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    On November 23, 2013, King was involved in a physical altercation with John Cernick in Bozeman, Montana. The responding officers cited both King and Cernick for disorderly conduct. Cernick subsequently entered a guilty plea while King pled not guilty.

¶4    King's trial was initially set for April 2014 but was reset to May 16, 2014, to accommodate the court's schedule. The May 16 trial was vacated to allow King to file a motion to dismiss which, following a hearing, the court denied. At calendar call on July 2, trial was confirmed for July 8, 2014. Both King and the State agreed to that date. Later that day, King reappeared at the close of calendar call and informed the court that his out-of-state eyewitness could not be present on July 8 but could be present on July 22. King indicated that he had arranged to switch trial dates with another defendant so that

2

King's trial could take place on July 22, 2014. The audio recording of the 1.5 minute conversation does not indicate that State's counsel was present, nor did King represent that the State agreed or objected to the change in trial date. The court rescheduled the trial for July 22, 2014. Subsequently, the State moved to continue the trial on the grounds that the arresting officer could not be present on that date. Over King's objection, the court granted the State's motion and King moved to dismiss on speedy trial grounds. The court instructed King to file a written motion on the matter, which he did in August 2014. The Municipal Court subsequently denied King's motion without a written order, and conducted the trial on September 12, 2014. Following a guilty verdict, King was sentenced to pay a $100 fine and $135 in surcharges and fees. No jail time was ordered. King appealed his sentence to the District Court, asserting eight grounds for appeal. The District Court obtained the Municipal Court record, reviewed it, and on July 1, 2015, issued its Memorandum Opinion and Order (Order).

¶5    The District Court initially noted that § 46-17-404(2), MCA, provides that a party may appeal to the district court from a judgment of municipal court when the amount in controversy exceeds $200. The court further observed that Rule 1(b)(2) of the Uniform Municipal Court Rules of Appeal to District Court, Title 25, Chapter 30, MCA (U.M.C.R. App.), limits a district court's appellate jurisdiction over criminal cases to cases where the amount in controversy exceeds $300. The court recognized, however, that Rule 3, U.M.C.R. App., and § 46-17-404(2)(b), MCA, grant the district court discretion to exercise appellate jurisdiction notwithstanding the amount in controversy in the "interests of justice." Excluding the surcharge and fees imposed in King's sentence,

3

as required by *City of Kalispell v. Koestner*, 2001 MT 53, ¶ 12, 304 Mont. 315, 21 P.3d 622, the court determined that King's $100 fine did not satisfy the threshold amounts set forth in the applicable rules or statutes. While the District Court acknowledged that neither the rules nor the statutes defined "interests of justice," it concluded that it would accept appellate jurisdiction if King's issues were meritorious. Consequently, the District Court addressed each of King's issues and determined that it would not exercise appellate jurisdiction on "interests of justice" grounds as it was unlikely that King would prevail on any of the issues raised.

¶6 King filed a timely appeal.

## STANDARD OF REVIEW

¶7 The district court's determination of whether it has the power to review a municipal court's decision is a question of law which we review to determine whether its interpretation is correct. *Koestner*, ¶ 8 (citation omitted).

## DISCUSSION

¶8 *Did the District Court err when it declined to exercise jurisdiction over King's appeal from the municipal court?*

¶9 Continuing to act pro se, King generally argues that the District Court's denial of his motion to appeal constituted an abuse of discretion and error. He challenges the court's determinations that his issues lacked merit and that he was not likely to prevail on appeal.

¶10 King presents numerous specific arguments on appeal alleging District Court, Municipal Court, and State error, abuse of discretion, misconduct, and bias. He first

asserts that the District Court intentionally misinterpreted one of his issues presented on appeal and consequently failed to address "the most important basis of the appeal," i.e., whether, over King's objection, the Municipal Court erred when it granted the State's motion to continue the July 22, 2014 trial. King claims that the District Court purposely misconstrued his argument as an appeal of the Municipal Court's May 2014 ruling pertaining to video teleconferencing of an out-of-state witness. He argues that the District Court's failure to address the true issue in its Order was a violation of multiple rules of judicial conduct. King's claim is unsupported by the record and consists solely of accusations and allegations without legal argument or analysis. The record indicates that the District Court gave generous consideration to King and his appeal and granted him leniency as a self-represented litigant. The court entered a 32-page opinion and order, offering detailed analysis and conclusions. We reject King's unsubstantiated argument of judicial misconduct and bias.

¶11 We next address King's claim that the Municipal Court abused its discretion by granting the State's request for a continuance to the July 22 trial. The record reflects that the State argued that King failed to consult the State prior to obtaining the court's permission to reschedule the trial from July 8 to July 22. As noted above, the audio recording between King and the court does not indicate that State's counsel was present. The State maintains that upon learning that the court had moved the trial date to July 22, it immediately moved to reschedule on the grounds that its witness could not be present on that date. The court initially denied the State's motion but after conducting a hearing on the motion, it granted it over King's objection. While King challenges this decision, it

5

was nonetheless within the Municipal Court's discretion. *State v. Gleed*, 2014 MT 151, ¶ 10, 375 Mont. 286, 326 P.3d 1095. The court heard the arguments presented by the parties and the rationale for a continuance. Consequently, the Municipal Court was in a better position than this Court to render this decision based upon the circumstances of this case. We will not disturb a discretionary ruling absent a finding that the court acted "arbitrarily, without employment of conscientious judgment, or exceed[ed] the bounds of reason resulting in substantial injustice." *In re T.N.-S.*, 2015 MT 117, ¶ 16, 379 Mont. 60, 347 P.3d 1263 (internal citations omitted). We conclude the court's decision did not constitute an abuse of its discretion.

¶12 King's remaining issues and his claims that these issues have merit, include: (1) the State violated the discovery process; (2) the Municipal Court and the State "suppressed evidence" that would have benefitted King; (3) the Municipal Court chose the State's non-critical witness over his critical witness in violation of his Montana and United States constitutional rights; (4) the State was judicially estopped from moving for a continuance from the July 22 trial date based upon its acknowledgement that such continuance would violate King's right to a speedy trial; (5) the Municipal Court "ignored" his August 2014 motion to dismiss after the court ordered that he file it; and (6) the evidence presented in this case was insufficient to convict him.

¶13 We conclude the District Court neither erred nor abused its discretion in its considered and detailed Order addressing the merits of each of these issues. As it was unlikely that King would have prevailed on these claims had the District Court exercised appellate jurisdiction, the interests of justice did not demand that it do so. Whether the

6

"interests of justice" would be served by accepting appellate jurisdiction is soundly within the District Court's broad discretion. Section 46-17-404(2)(b), MCA.

¶14 As the District Court did not abuse its discretion in concluding the interests of justice would not be furthered by allowing King's appeal, we affirm.


/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE


Justice James Jeremiah Shea, specially concurring.

¶15 In his opening brief to this Court, King states that his argument on appeal to the District Court "strictly revolved around the Municipal Court's decision to [o]verrule the defense's objection to [the] State's continuance of the July 22, 2014 trial date." On that point, I agree that the Municipal Court did not abuse its discretion in continuing the July 22 trial date, and I would affirm on that basis. I write separately because the Court incorrectly perpetuates a misinterpretation of the statute and rule regarding the threshold amount in controversy necessary to appeal a municipal court decision to district court.

¶16 As the Court correctly notes, both § 46-17-404(2), MCA, and Rule 1(b)(2), U.M.C.R. App., determine the jurisdictional threshold for appealing a municipal court

7

judgment to district court by the "amount in controversy."[1] Opinion, ¶ 5. Upon his conviction in Municipal Court, "King was sentenced to pay a $100 fine and $135 in surcharges and fees." Opinion, ¶ 4. In appealing his case to the District Court, King did not just challenge the $100 fine; he sought reversal of his conviction and dismissal of his entire case on multiple grounds. If his appeal was successful, King would have eliminated the fine, surcharges, and fees, totaling $235. Thus, the "amount in controversy" that was the subject of King's appeal was $235.

¶17 The Court, however, ignores the fact that King was contesting all of the monetary obligations imposed upon him, and erroneously concludes that the "amount in controversy" was merely the fine. The Court arrives at this erroneous conclusion by citing *Koestner* for the proposition that it requires "[e]xcluding the surcharge and fees imposed in King's sentence." Opinion, ¶ 5 (citing *Koestner*, ¶ 12). However, in *Koestner*, the interpretation of what constitutes the "amount in controversy" for determining district court jurisdiction of a municipal court appeal was not the issue. That being noted, we did limit our consideration of the jurisdictional threshold to only the fine imposed; thus, I agree that this is a fair reading of *Koestner*. To the extent that *Koestner* could be read as such, it is incorrect and I would overrule it.

¶18 In *Voerding v. State*, 2006 MT 125, ¶ 16, 332 Mont. 262, 136 P.3d 502, we concluded that "the plain meaning of the word 'fine' . . . does not encompass fees, costs,

---

[1] I note that there is a discrepancy between the threshold amount in controversy set by § 46-17-404(2), MCA ($200), and Rule 1(b)(2), U.M.C.R. App. ($300). However, resolution of this discrepancy is mooted by the Court's incorrect interpretation of the "amount in controversy" as being limited to the fine imposed.

charges, or any other court-imposed financial obligations." We also concluded that there is a "clear statutory distinction between fines and other court-imposed financial obligations." *Voerding*, ¶ 19. When it drafted § 46-17-404(2), MCA, the Legislature could have used the term "fine" in setting the threshold for district court jurisdiction of a municipal court appeal. It did not. It chose instead to use the term "amount in controversy." In construing a statute, our duty "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Moreover, "statutory language must be construed according to its plain meaning . . . ." *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487 (citation omitted). Neither § 46-17-404(2), MCA, nor Rule 1(b)(2), U.M.C.R. App., limits the district court's appellate jurisdiction based on the amount of the fine. Rather, the jurisdictional limit is expressly based on the "amount in controversy." By interpreting the term "amount in controversy" as applying only to King's $100 fine, the Court not only fails to construe the statute according to its plain meaning, it both omits the term "amount in controversy" and inserts the term "fine," thus managing to violate just about every rule of statutory construction in the interpretation of a single statute.

¶19 For the foregoing reasons, although I concur in the result the Court reaches, I disagree with its conclusion that the District Court did not have jurisdiction to hear the appeal from the Municipal Court.

/S/ JAMES JEREMIAH SHEA