FILED

03/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0419

DA 18-0419

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 55

CITY OF BOZEMAN,

      Plaintiff and Appellee,

   v.

GLENN HARRIS LEHRER, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. dc 18-92b
Honorable Rienne McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Michael Marchesini, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Anna Saverud, Assistant
Attorney General, Helena, Montana

          Greg Sullivan, Bozeman City Attorney, Kyla Murray, Deputy City
Attorney, Bozeman, Montana

Submitted on Briefs:  January 8, 2020

Decided:  March 10, 2020

Filed:

                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Glenn Harris Lehrer Jr. was convicted after a bench trial of Criminal Trespass to Property for his actions of entering the fenced backyard of a residence within the city limits of Bozeman during the night.  The Bozeman Municipal Court denied Lehrer's motion to dismiss for lack of probable cause, and the District Court upheld the ruling.  Lehrer appeals, and we affirm.

¶2    *Did the Municipal Court err by denying Defendant's Motion to Dismiss for Lack of Probable Cause?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    At approximately 12:56 a.m., on June 22, 2016, police responded to a call for assistance from 502 N. 18th Avenue, Bozeman, Montana, a duplex apartment building, reporting a man had entered the fenced back yard of the residence.  The yard or fence did not have a posted "no trespassing" sign, but the reporting party, Teal Cummisk, stated the man did not have permission to be in the backyard.  Upon arrival in the area, Officer Ahmann spotted a male matching the description given by Cummisk in the 300 block of N. 17th Avenue, who he also recognized as Glenn Lehrer.  Upon police contact, Lehrer stated, "I was walking around the fence, trying to figure out where the fence line was, and she was like 'what are you doing in my yard?'"  Lehrer was arrested and charged in Municipal Court with the offense of criminal trespass to property in violation of § 45-6-203, MCA.

¶4    Lehrer moved to dismiss for lack of probable cause.  While acknowledging there was probable cause that he knowingly entered or remained on the premises of another,

2

Lehrer asserted that, under § 45-6-203, MCA, there was not probable cause that his presence on the property was unlawful. Lehrer argued that, because there was not a "no trespassing" sign posted on the fence around the backyard, he held a privilege to enter the land. The Municipal Court, Hon. Karl P. Seel, presiding, denied the motion, concluding the backyard at issue was not "raw land or unoccupied property," but, rather, part of the curtilage/premises of Cummisk's house that did not require posting pursuant to § 45-6-201(2), MCA.

¶5 Lehrer proceeded to a bench trial and was found guilty. Lehrer appealed the denial of his motion to dismiss to the District Court, which affirmed, reasoning Lehrer's argument that the subject residence was "merely land" that was required under the statute to be posted to remove the privilege to enter or remain on the property, "defies logic and common sense" and led to an absurd statutory interpretation. The court held the fenced backyard was "private premises" that did not need to be posted to deny a privilege to enter. Lehrer appeals.

## STANDARD OF REVIEW

¶6 "On [] appeal from the Municipal Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA." *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461. Upon subsequent appeal to this Court, this Court reviews the case "as if the appeal originally had been filed in this Court." *Cantu*, ¶ 10.

¶7 "We review a district court's determination that a motion to file an information is supported by probable cause for abuse of discretion." *State v. Harlson*, 2006 MT 312, ¶ 21, 335 Mont. 25, 150 P.3d 349 (citing *State v. Dunfee*, 2005 MT 147, ¶ 31, 327 Mont. 335, 114 P.3d 217). The duty of the reviewing court is to ultimately ensure that the magistrate or lower court had a substantial basis to determine that probable cause existed. *State v. Rinehart*, 262 Mont. 204, 210, 864 P.2d 1219, 1223 (1993). "A magistrate's determination that probable cause exists should be paid great deference by reviewing courts and every reasonable inference possible should be drawn to support that determination." *Rinehart*, 262 Mont. at 211, 864 P.2d at 1223 (internal citation omitted).

## DISCUSSION

¶8 *Did the Municipal Court err by denying Defendant's Motion to Dismiss for Lack of Probable Cause?*

¶9 Lehrer was charged under § 45-6-203, MCA, which states in relevant part: "(1) . . . a person commits the offense of criminal trespass to property if the person knowingly: . . . (b) enters or remains unlawfully in or upon the *premises* of another." (emphasis added). To "enter or remain unlawfully" occurs "when the person is not licensed, invited, or otherwise privileged to do so." Section 45-6-201(1), MCA. As we have explained, when a person is "licensed, invited, or otherwise privileged" to enter the premises of another, he or she "cannot be convicted of criminal trespass." *State v. Spottedbear*, 2016 MT 243, ¶ 35, 385 Mont. 68, 380 P.3d 810 (citation omitted). The Municipal Court and District Court, as argued by the City of Bozeman, concluded that Cummisk's residential backyard came within the definition of "premises" in the Criminal Code as "any type of structure or

4

building and real property," which did not need to be posted to deny a privilege to enter. Section 45-2-101(60), MCA.

¶10 Lehrer emphasizes the language that follows the first sentence of § 45-6-201(1), MCA, which provides that: "[p]rivilege to enter or remain upon *land* is extended either by the explicit permission of the landowner or other authorized person or by the failure of the landowner or other authorized person to post notice denying entry onto *private land*. . . ." Section 45-6-201(1), MCA (emphasis added). Lehrer notes that § 45-6-201(6), MCA, incorporates "for purposes of this section" the definition of "land" provided in Title 70: "the solid material of the earth, whatever may be the ingredients of which is composed, whether soil, rock, or other substance." Section 70-15-102, MCA. Lehrer argues that this definition is not mutually exclusive of the definition of "premises" in the Criminal Code, which includes "real property," § 45-2-101(60), MCA, and, therefore, Cummisk's residential backyard constituted "land" (as defined in Title 70) that had to be posted pursuant to the second sentence of § 45-6-201(1), MCA (privilege to enter "land" is extended "by the failure of the landowner or other authorized person to post notice denying entry") in order to withdraw the public's, and Lehrer's, privilege to enter it. Consequently, because Cummisk's property was not posted, Lehrer did not "enter or remain unlawfully" as required for the crime of criminal trespass. Section 45-6-203, MCA.

¶11 "Our ultimate goal in interpreting a statute is to ascertain and give effect to the legislative intent. To do so, we not only look to the text of the statute but also consider the statute in the context of the greater statutory scheme and construe the statute to advance

5

the purpose of that scheme, giving meaning to all its provisions.  When unable to discern the legislature's intent from the statutory text, we may consider the statute's legislative history."  *State v. Quesnel*, 2009 MT 388, ¶ 16, 353 Mont. 317, 220 P.3d 634 (internal quotations and citations omitted); *see also* § 1-2-102, MCA.  "Statutory construction is a 'holistic endeavor' and must account for the statute's text, language, structure, and object." *State v. Heath*, 2004 MT 126, ¶ 24, 321 Mont. 280, 90 P.3d 426 (citing *S.L.H. v. State Compensation Mutual Insurance Fund*, 2000 MT 362, ¶ 16, 303 Mont. 364, 15 P.3d 948).

¶12     The language Lehrer emphasizes after the first sentence in § 45-6-201(1), MCA, was enacted by the Legislature in 1985.  Prior to 1985, the definition of "enters or remains unlawfully" upon the premises of another was defined exclusively as it is now stated in the first sentence of the statute—as "when [the person] is not licensed, invited, or otherwise privileged to do so."  Section 45-6-201(1), MCA (1983).  Likewise, the Criminal Code's definition of "premises" was the same as it is now—"any type of structure or building and any real property."  Section 45-2-101(53), MCA (1983).  Thus, the criminal trespass statute then contained no language regarding the posting of notice for purposes of withdrawing any privilege held by the public to enter one's premises.

¶13     In 1985, the Legislature enacted House Bill 911, which added the language following the first sentence of § 45-6-201(1), MCA, addressing the posting of notice to "deny[] entry onto private land."  1985 Mont. Laws, ch. 599.  The legislative history demonstrates significant consideration was given to House Bill 911, including extensive witness testimony and questioning by members of House and Senate legislative

6

committees. The entirety of the discussion concerned access to raw and unoccupied land by sportsmen and recreationalists, and the bill arose from an interim study about the issue. The bill was commonly referred to as a "posting bill," the purpose of which was to obligate landowners to provide clear notice for recreationists when access to private land was prohibited, and to thereby enhance landowner-recreationist communications and relations. ("[I]t is essential that this Legislature give careful consideration to the improvement of landowner feelings towards recreational users through passage of much-improved trespass legislation. The 'big game hunting by permission only' bill of a few sessions ago did a lot to improve relations and mutual respect between landowners and recreational users. HB 911, together with SB 435, will do much more." Testimony of Lorents Grosfield, Senate Judiciary Committee, March 25, 1985). The bill also directed that "the department of fish, wildlife, and parks shall attempt to educate all persons holding hunting, fishing, or trapping licenses or permits . . . [on] the provisions of this section concerning entry to private land." 1985 Mont. Laws ch. 599. None of the discussion from legislators, proponents or opponents contemplated or even mentioned the necessity of posting occupied or other property. *See* Minutes of the House Judiciary Committee, Hearing on HB 911, February 22, 1985. In 1991, the Legislature amended the statute in response to an Attorney General's opinion, revising the posting requirements. Again, the discussion exclusively contemplated hunting and recreational use of unoccupied land, and did not reference other premises. *See* Minutes of Senate Fish & Game Committee, Hearing on SB 97, January 22, 1991.

¶14     The definition of "land" in Title 70 incorporated by § 45-6-201(6), MCA, as "the solid material of the earth, whatever may be the ingredients of which is composed, whether soil, rock, or other substance," may technically be read as falling within the definition of "premises" in § 45-2-101(60), MCA, including "real property," but it is clearly a generic definition meant to apply with the additions to the statute enacted in 1985, when it was likewise adopted. All indications are that the posting requirements for "land" and "private land" in the legislation were intended to obligate a landowner to clearly communicate a closure of raw or unoccupied land that recreationalists may seek to access, in contrast to other "premises" that had previously been defined in the Criminal Code, and which is still so defined. There is no basis to conclude that the Legislature intended, by enacting the 1985 and 1991 legislation, to impose a requirement upon property owners in residential neighborhoods to post notice in order to deny or revoke a privilege to enter their property.

¶15     We conclude the Municipal Court did not abuse its discretion by denying Lehrer's motion to dismiss the criminal trespass charge against him as lacking probable cause.

¶16     Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON

8