DA 19-0412

FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0412

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 221N

CITY OF GREAT FALLS,

       Plaintiff and Appellee,

  v.

RICKY EROS SANDOVAL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 18-690
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Daniel V. Biddulph, Ferguson Law Office, PLLC, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Rob Cameron, Deputy
Attorney General, Helena, Montana

      Neil Arnie Anthon, Great Falls City Attorney, Great Falls, Montana

           Submitted on Briefs:  August 5, 2020

                  Decided:  September 1, 2020

Filed:

                _____
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ricky Eros Sandoval (Sandoval) appeals from his conviction after a bench trial in Great Falls Municipal Court, Hon. Steven B. Bolstad, presiding, of use of an electronic communication device—his cell phone—while operating a motorized vehicle, a first offense misdemeanor, in violation of the Official Code of the City of Great Falls, § 10.8.050.[1] Pursuant to the Ordinance, the Municipal Court imposed a fine of $200, and a surcharge of $15. Sandoval was also convicted in the same trial of driving while his license was suspended, in violation of § 61-5-210, MCA. For that offense, he was fined $350, and sentenced to 365 days in jail, with 360 days suspended.

¶3 Sandoval appealed to the District Court, Hon. John W. Parker, presiding, challenging, as stated in his supporting brief, "the City of Great Falls Municipal Court's conviction of the Defendant for one count of Use of Electronic Communication Device, in violation of Great Falls City Ordinance 10.39.110, following a Bench Trial." Sandoval's briefing formulated four issues, including whether the City had proven the "use" element

_____

[1] The record alternately references the ordinance's former codification citation of § 10.39.110.

of the electronic device Ordinance beyond a reasonable doubt, and whether the electronic device Ordinance was unconstitutional on three separately stated grounds: void for vagueness, equal protection, and being overbroad such as to operate as a deprivation of liberty. Sandoval's brief argued these issues regarding the Ordinance in detail, but did not reference his conviction for driving while his license was suspended.

¶4 The City moved to dismiss the appeal for lack of jurisdiction, citing the Uniform Municipal Court Rules of Appeal, which require, for an appeal from a municipal court criminal judgment, that the "minimum amount in controversy, fine or restitution shall exceed $300.00 before the district court has jurisdiction to hear the appeal, except if the judgment includes incarceration, no minimum fine may be required for appeal." U.M.C.R.App. 1(b)(2). The electronic device Ordinance did not subject Sandoval to the possibility of incarceration. The Rules also provide that, upon petition by an aggrieved party, the district court may, in the interests of justice, accept appellate jurisdiction of a judgment notwithstanding the amount in controversy. U.M.C.R.App. 3. Sandavol's brief did not make such a request or argument. The District Court thus dismissed the appeal, reasoning:

> The Defendant filed a Notice of Appeal July 19, 2018 that did not provide notice of the judgment or ruling that was the subject of this appeal. The Defendant did not file a petition for this Court to hear this appeal, in the interest of justice, pursuant to Rule 3 U.M.C.R.App. Pursuant to Rule 1 U.M.C.R.App., the amount in controversy in this matter does not exceed $300.00 and the Municipal Court Judgment did not include incarceration. Therefore, this Court does not have jurisdiction to hear this matter on appeal.

3

¶5     In response to the City's motion to dismiss, Sandoval filed, without seeking leave to depart from the District Court's briefing order, a "Supplemental Brief in Support of Appeal," in which he argued the District Court's jurisdiction was established under the U.M.C.R.App. 1(b), when considering Sandavol's fine and incarceration imposed for his conviction of driving with a suspended license, and, that the court should accept the appeal in the interests of justice under U.M.C.R.App. 3. However, other than referencing Sandoval's sentence for driving with a suspended license, Sandavol made no argument that his conviction of that offense was invalid or otherwise necessitated review in the interests of justice. The District Court did not reference Sandavol's supplemental brief in its dismissal order. Sandavol appeals.

¶6     "On [] appeal from the Municipal Court, the District Court function[s] as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA." *City of Bozeman v. Lehrer*, 2020 MT 55, ¶ 6, 399 Mont. 166, 459 P.3d 850 (citing *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461). Upon subsequent appeal to this Court, we review the case "as if the appeal originally had been filed in this Court." *Lehrer*, ¶ 6 (citation omitted).

¶7     On appeal, Sandoval argues that the appellate parameters stated by the Uniform Municipal Court Rules of Appeal constitute an "impermissible limit on the district court's constitutional jurisdiction," but that, in any event, the limitation should be viewed "as one of procedure rather than jurisdiction." Whether the limitations on appeals under the Municipal Court Rules of Appeal are technically considered "jurisdictional" or

4

"procedural," this Court has previously affirmed application of the Rules as jurisdictional in nature, and Sandoval made no effort in the District Court to challenge that precedent, or argue the Rules were unconstitutional. *See City of Kalispell v. Koestner*, 2001 MT 53, ¶ 12, 304 Mont. 315, 21 P.3d 622; *City of Bozeman v. King*, 2016 MT 300, ¶ 13, 385 Mont. 376, 384 P.3d 481. Thus, Sandoval's conviction in the Municipal Court for violating the Ordinance was not subject to appellate review by the District Court under application of U.M.C.R.App. 1(b).

¶8 Sandoval argues the interests of justice necessitated review by the District Court in light of his sentence for driving with a suspended license, but again does not articulate why his conviction of that offense compelled appellate review. Sandoval's original brief to the District Court made no argument challenging his conviction of driving with a suspended license, focusing exclusively on this conviction for violation of the Ordinance. His subsequent supplemental brief raised the conviction as a proffered means of obtaining appellate jurisdiction under U.M.C.R.App. 3, but failed to offer any argument that the conviction was invalid to justify the appellate review of the conviction in the interests of justice.

¶9 On similar grounds, Sandoval makes a brief alternative argument that his trial counsel rendered ineffective assistance (IAC) for failing to seek review by either using the total fines he received for both offenses to bring his case within the jurisdictional parameters of U.M.C.R.App. 1(b), or by arguing the interests of justice exception under U.M.C.R.App. 3. However, "counsel has no constitutional obligation to raise every

non-frivolous issue on appeal," and, to overcome the presumption of effective assistance, a claimant must demonstrate the issue not pursued was meritorious. *Miller v. State*, 2012 MT 131, ¶ 14, 365 Mont. 264, 280 P.3d 272. As noted, nothing was offered to the District Court or has been offered to this Court to demonstrate that appeal of Sandoval's conviction of driving with a suspended license had merit such that failure to appeal the conviction constituted ineffective assistance by his trial counsel. Sandoval urges only that an apparently valid conviction for driving with a suspended license should nonetheless have been appealed for the sole purpose of attempting to bring his appeal of the Ordinance violation within the appellate parameters of the Rules.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON