DA 19-0121

FILED

01/12/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0121

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 9N

CITY OF WHITEFISH,

      Plaintiff and Appellee,

  v.

WILLIAM PURDY KLINK III,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DC 18-357(a)
                  Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Cody Atkins, Hendrickson Law Firm, P.C., Billings, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
          Attorney General, Helena, Montana

          Angela Jacobs, City Attorney, Mary Leffers Barry, Deputy City Attorney,
          Whitefish, Montana

                         Submitted on Briefs:  December 16, 2020

                                  Decided:  January 12, 2021

Filed:

                _____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William Purdy Klink, III, appeals from his conviction after jury trial in Whitefish Municipal Court, Honorable William Hileman, Jr., presiding, of Partner or Family Member Assault (PFMA), a misdemeanor, in violation of § 45-5-206, MCA. Klink appealed to the District Court, Honorable Amy Eddy, presiding, contending the Municipal Court erred by denying his request to raise the affirmative defense of mental disease or defect during trial. The District Court affirmed Klink's conviction.

¶3 Klink resided in Whitefish with his mother, Diane Klink. On February 25, 2018, after Diane confronted Klink about his potential use of methamphetamine, he became angry and made statements threatening violence against her and himself. Diane locked herself in the bathroom and called 911. Officers responded and, after locating Diane locked in the bathroom distraught and fearing bodily harm, they arrested Klink and cited him for PFMA.

¶4 On past occasions when law enforcement had been called regarding Klink, he had sought mental health treatment. On March 14, 2018, City Prosecutor Mary Leffers Barry

2

wrote Emily Thomsen, Klink's counsel,[1] providing prior police reports and stating that Klink had been diagnosed with "drug-induced schizophrenia" by Pathways treatment center during previous stays. Barry offered a plea agreement whereby Klink would "obtain a mental health and chemical dependency evaluation," attend weekly out-patient treatment sessions, and abide by treatment recommendations.

¶5     At the Omnibus Hearing on April 17, 2018, Klink gave notice of his intent to raise the affirmative defense of justifiable use of force, and specifically indicated he would not rely upon an affirmative defense of mental disease or defect. Trial was set for June 14, 2018, but two days before trial, Klink moved for a 90-day continuance explaining the parties had reached a tentative agreement to resolve the case upon Klink's completion of an evaluation and treatment. The Municipal Court granted the motion and continued the trial for three months, but Klink did not obtain an evaluation. Prior to trial, the City filed a trial brief addressing Klink's defense of justifiable use of force, and noting that Klink had not provided notice of a defense of mental disease or defect.

¶6     During voir dire, defense counsel moved for mistrial on the ground the jury panel represented an inadequate cross-section of the community, in violation of Klink's due process rights. The City objected and the Municipal Court denied the motion. In his opening statement to the jury, defense counsel stated that Klink had a mental illness and

---

[1] Keenan Gallagher was substituted as Klink's counsel on March 20, 2018. Cody Atkins represents Klink on appeal.

3

that, on the night of the incident, "he was exhibiting those same symptoms." The City called Diane as a witness and, during cross examination, Klink's counsel sought to question her concerning Klink's and Klink's father's history of mental illness, to which the City objected. The Municipal Court sustained the objection and, after Diane's testimony, conducted a conference with the parties outside of the presence of the jury. Defense counsel proffered jury instructions on mental disease or defect. The Municipal Court asked why the instructions had not been provided by the pre-trial instruction deadline, to which defense counsel answered, "we filed a notice in this case of mental disease or defect, so there was at least in our minds the possibility of this issue coming up at trial," and that it was not known to the defense that Klink's mental illness "was as clear and as acute" until Diane's testimony. The City responded that, contrary to defense counsel's assertion, no notice of a mental disease or defect defense had been given, the lawyers had discussed "multiple times" that this issue would not be pursued at trial, the latest of which was a phone conversation the evening before trial, and the defense had not responded to the City's trial brief explaining that mental disease and defect was not a trial issue. The Municipal Court denied the defense's request, reasoning that Klink was aware of the issue pre-trial, failed to seek a mental evaluation after requesting time to do so, failed to disclose the defense in the Omnibus order, failed to timely submit mental state instructions, and failed to respond to the City's trial brief on the issue. The trial concluded with the jury returning a guilty verdict.

4

¶7 Klink appealed to the District Court, raising a single "Question Presented," which he stated as follows: "Did the Whitefish Municipal Court violate Appellant's right to due process by precluding Appellant from raising the affirmative defense of mental disease or defect?" Although acknowledging the defense had failed to provide notice of the defense, Klink argued that the circumstances justified disclosure "at a later time as the court may for good cause permit," pursuant to § 46-15-323(3), MCA. He made no argument concerning the Municipal Court's denial of his mistrial motion based upon the jury pool. Addressing the issue raised, the District Court reasoned that Klink's counsel had made statements that "clearly negat[ed] his claim that he had not realized the 'significant role' of Appellant's mental illness prior" to Diane's testimony, and concluded the Municipal Court had not abused its discretion in denying the defense as an appropriate trial sanction under § 45-15-329, MCA. Klink appeals.

¶8 "On [] appeal from the Municipal Court, the District Court function[s] as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA." *City of Bozeman v. Lehrer*, 2020 MT 55, ¶ 6, 399 Mont. 166, 459 P.3d 850 (citing *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461). Upon subsequent appeal to this Court, we review the case "as if the appeal originally had been filed in this Court." *Lehrer*, ¶ 6 (citation omitted).

¶9 On the issue raised in his appeal to the District Court, Klink argues that good cause existed for raising the mental disease or defect defense during trial because "Diane's testimony changed the nature of the case." However, we agree with the District Court's

5

determination that the record does not support this position. Klink's mental condition, including his prior disruptive incidents, diagnosis and treatment, was a central issue discussed by the parties from the beginning of the case. Klink did not provide notice of intent to rely on the mental disease or defect defense, but rather, to the contrary, gave notice the defense would *not* be raised, and that the defense of justifiable use of force would instead be relied upon. In informal discussions between counsel, the City prosecutor repeatedly confirmed with defense counsel that the mental disease or defect defense would not be raised at trial.

¶10 Klink also argues the Municipal Court erred by denying his motion for mistrial because the jury panel "did not comprise a fair cross-section of the community." However, as Klink acknowledges, this issue was abandoned when not raised in his appeal to the District Court, and thus he asks the issue to be reviewed as plain error. "The party requesting plain error review bears the burden of 'firmly convinc[ing]' this Court that the claimed error implicates a fundamental right and that such review is necessary." *State v. Daniels*, 2019 MT 214, ¶ 31, 397 Mont. 204, 448 P.3d 511 (citing *State v. Norman*, 2010 MT 253, ¶ 17, 358 Mont. 252, 244 P.3d 737).

> This Court will invoke plain error review sparingly, and only if the error claimed implicates a party's fundamental constitutional rights and if "failing to review the claimed error at issue may: (1) result in a manifest miscarriage of justice; (2) leave unsettled the question of the fundamental fairness of the trial or proceedings; or (3) compromise the integrity of the judicial process."

*Daniels*, ¶ 30 (citing *State v. Weaver*, 1998 MT 167, ¶ 25, 290 Mont. 58, 964 P.2d 713).

Klink's argument acknowledges that "there is no evidence that prospective jurors were

improperly noticed to ensure random selection," and, further, he does not satisfy his burden of demonstrating the standards of plain error review are here satisfied.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The Municipal Court did not err.

¶12 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON