FILED

09/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0615

DA 24-0615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 206N

CARESSA JILL HARDY,
a/k/a GLENN LEE DIBLEY,

     Petitioner and Appellant.

  v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-24-566
Honorable Shane A. Vannatta, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Caressa Jill Hardy, a/k/a Glenn Lee Dibley, Self-Represented, Deer
Lodge, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Matt Jennings, Missoula County Attorney, Missoula, Montana

          Submitted on Briefs:  July 23, 2025

                Decided:  September 9, 2025

Filed:

          _____
                    Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Caressa Jill Hardy, a/k/a Glenn Lee Dibley (Hardy), appeals pro se the denial of his amended petition for postconviction relief (PCR). The Fourth Judicial District Court, Missoula County, issued its written order denying such on December 4, 2024. We affirm.

¶3 Following a nine-day jury trial, Hardy was found guilty of two counts of deliberate homicide and two counts of solicitation for homicide. The facts and procedural history for those criminal charges are detailed in *State v. Hardy*, 2023 MT 110, ¶¶ 3-17, 412 Mont. 383, 530 P.3d 814 (*Hardy I*). Hardy appealed the convictions. In his appeal he asserted his right to counsel was violated by the State's use of incarcerated informants; the court erred by refusing Hardy's jury instruction to view the informants' testimony with caution; he was wrongly precluded from commenting on the State's failure to call John Braunreiter as a witness; and prosecutorial misconduct. *Hardy I*, ¶¶ 22, 42, 55, 64. We affirmed the convictions. *Hardy I*, ¶ 82.

¶4 On June 18, 2024, Hardy filed his original PCR petition. Hardy then filed an amended PCR petition on August 2, 2024. In the amended PCR petition, Hardy asserted four claims: (1) the State failed to prove each element of all the offenses charged in the charging document beyond a reasonable doubt; (2) there was a lack of probable cause for

the solicitation for homicide charges such that the District Court lacked subject matter jurisdiction to address these offenses; (3) improper use of information by incarcerated informants; and (4) improper jury instructions. Primarily, the District Court determined Hardy's claims were either decided on direct appeal or could have been brought on direct appeal and were thus barred for PCR consideration and denied Hardy's amended PCR petition without requesting a response or holding a hearing.

¶5 Although Hardy's brief on appeal is less than a model of clarity, Hardy appears to reiterate the same claims asserted in the amended PCR petition.[1] To the extent Hardy's brief could be interpreted as raising issues not asserted in his amended PCR petition, we do not consider them as we do not consider issues raised for the first time on appeal.[2] *Fletcher v. State*, 2023 MT 266, ¶ 9, 372 Mont. 22, 309 P.3d 998.

¶6 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755. "A district court may dismiss a petition for postconviction relief as a matter of law,

---

[1] For example, in asserting his claims, Hardy belabors about false witness jailhouse informants in a manner which indicates he does not seem to understand the adversarial trial process and how cross-examination is the primary means by which a witness' inconsistencies and credibility are challenged. Hardy also seems particularly confused as to the procedural history of his PCR claims, asserting the District Court deemed his PCR petition denied upon the passing of 60 days. The amended PCR petition was not "deemed denied" by the passage of time, but rather the District Court issued a written order on December 4, 2024, setting forth its reasoning for denying each of the claims asserted in the amended PCR petition.

[2] Hardy's brief devotes several pages to various complaints about the incompetence of Montana's Attorney General and other matters not directly related to the procedural history, facts, or law at issue in this appeal.

3

and we review a court's conclusions of law for correctness." *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422.

¶7 Under § 46-21-104(1)(c), MCA, a petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." A district court may also dismiss a petition for postconviction relief for failure to state a claim if the petitioner fails to attach the affidavit, records, or other evidence required under § 46-21-104(1)(c), MCA. *Herman*, ¶¶ 15, 32. Additionally, postconviction relief cannot be substituted for direct appeal because this Court "will not consider grounds for postconviction relief that reasonably could have been raised on direct appeal." *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, 132 P.3d 540; *see also* § 46-21-105(2), MCA.

**Hardy's claim the State failed to prove each element of all the offenses charged is not reviewable through PCR.**

¶8 Upon the State resting its case at trial, Hardy had the opportunity to contest sufficiency of the evidence to each charged offense and also had the opportunity and did, in fact, to contest sufficiency of the evidence on direct appeal. Thus, pursuant to § 46-21-105(2), MCA—"grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [PCR] proceeding"—Hardy's claim that the State failed to prove each element of all the offenses charged is not reviewable through PCR.

4

**The District Court did not lack subject matter jurisdiction.**

¶9     Hardy asserts that the testimony of incarcerated informants was false so that there was not probable cause to support the solicitation for homicide charges and, as a result, the District Court lacked subject matter jurisdiction. "Jurisdiction is 'the court's fundamental authority to hear and adjudicate cases or proceedings.'" *In re E.G.*, 2014 MT 148, ¶ 11, 375 Mont. 252, 326 P.3d 1092 (quoting *In re A.D.B.*, 2013 MT 167, ¶ 54, 370 Mont. 422, 305 P.3d 739). Jurisdiction of district courts in Montana is established by the Montana Constitution. Mont. Const. art. VII, § 4. District courts have original jurisdiction over all felony criminal cases in Montana. Mont. Const. art. VII, § 4(1). *Accord* § 3-5-302(1)(a), MCA. Lack of probable cause—based on the totality of the circumstances there are "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe the accused is guilty of the offense charged"—for a felony offense does not eliminate the court's subject matter jurisdiction. *Plouffe v. Mont. Dep't of Pub. Health & Hum. Servs.*, 2002 MT 64, ¶¶ 18-19, 309 Mont. 184, 45 P.3d 10 (citations omitted). In fact, a claim of lack of probable cause related to a charged criminal offense would be brought and adjudicated in the court in which the charging document was filed. *City of Bozeman v. Lehrer*, 2020 MT 55, ¶ 7, 399 Mont. 166, 459 P.3d 850. Upon being charged and through to conviction, Hardy had the opportunity to contest probable cause related to the solicitation charges and also had the opportunity to do so on direct appeal. Thus, pursuant to § 46-21-105(2), MCA, Hardy's claim for lack of probable cause is not reviewable through PCR.

**Hardy's claim of improper use of information by incarcerated informants is not reviewable through PCR.**

¶10   In his amended PCR petition, Hardy alleges his right to counsel was violated by prosecutorial misconduct due to the State indirectly eliciting incriminating statements from Hardy in the absence of counsel.  Hardy pursued this specific claim on direct appeal. *Hardy I*, ¶¶ 21-39.  Thus, pursuant to § 46-21-105(2), MCA, this is not reviewable through PCR.

**Hardy's claim that the jury instructions were inappropriate is not reviewable through PCR.**

¶11   In his amended PCR petition, Hardy asserts the trial judge gave the jury a presumption of guilt by focusing on "purpose" as an element, causing the jury to disregard the requirement that the State prove each element beyond a reasonable doubt.  Hardy also asserts the trial judge misspoke when verbally reading the instructions to the jury indicating if all of the elements were "provided" rather than "proved," the State met its burden of proof.  Again, Hardy had full opportunity to object as to any improper jury instructions at trial and had full opportunity to and did, in fact, appeal his jury instruction issues on direct appeal.  *Hardy I*, ¶¶ 40-47.  Pursuant to § 46-21-105(2), MCA, as jury instruction issues either were raised or could have been raised on direct appeal, such are not reviewable through PCR.

¶12   After reviewing the record, we agree with the District Court that Hardy's amended petition for postconviction relief should be denied because the District Court did not lack subject matter jurisdiction and each of the other claims asserted either could have been

raised on direct appeal or were raised and considered on direct appeal and are therefore barred by § 46-21-105(2), MCA.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ KATHERINE M BIDEGARAY
/S/ JIM RICE